UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT R. MATTHEWS,

*Plaintiff*,

v.

DENIS R. MCDONOUGH, *et al.*,

*Defendants*.

Civil Action No. 21-1607 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on five motions: Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, Dkt. 20; Plaintiff's Motion for Leave to File a Fourth Amended Complaint, Dkt. 23; Plaintiff's Motion for Leave to File a Fifth Amended Complaint, Dkt. 28; Plaintiff's Motion for Leave to File a Sixth Amended Complaint, Dkt. 31; and Plaintiff's Motion for Leave to File a Seventh Amended Complaint, Dkt. 37. For the reasons explained below, Defendants' Motion to Dismiss the Third Amended Complaint, Dkt. 20, is **GRANTED**, and Plaintiff's four motions for leave to file a series of amended complaints, Dkts. 23, 28, 31, and 37, are **DENIED** on grounds of futility.

**I.**

This case arises out of medical treatment Plaintiff received at a Department of Veterans Affairs ("VA") facility in Washington, D.C. *See* Dkt. 16 at 1 (3d Am. Compl.). Plaintiff's Third Amended Complaint (hereinafter "the Complaint"), Dkt. 16, which is the operative pleading at this point, is not a picture of clarity. It appears, however, that Plaintiff contends that he suffered "severe allergic reactions" to certain medications administered to him by the VA on March 11 and 12, 2022. *Id.* at 1. He seeks "money damages," asks that the "VA 'take[] responsibility' for

what happened," and requests that the VA consult with an allergist before treating him in the future. *Id.* at 1-2.

Defendants move to dismiss, arguing that: (1) the Complaint fails to comply with Federal Rule of Civil Procedure 10(b); (2) the relief Plaintiff seeks is unavailable under the Federal Tort Claims Act; and (3) Plaintiff fails to state a claim because he alleges neither a breach of the duty of care nor a compensable injury.  *See* Dkt. 20-1.  In response, Plaintiff asserts that he is seeking $220,000 in damages, but he otherwise fails to respond to the motion to dismiss.  *See* Dkt. 22.  In reply, Defendants argue that their motion should be granted as conceded.  *See* Dkt. 26.

Over the past six months, Plaintiff has filed a series of motions to amend.  *See* Dkts. 23, 28, 31, and 37.  Defendants oppose granting Plaintiff leave to file any of these amendments, arguing that each proposed amendment is futile.  Dkts. 25, 29, and 32.  Plaintiff, in turn, asserts (or at least suggests) that each of his proposed amendments is proper.  *See* Dkts. 27, 30, and 38.

## II.

The Court need address only Defendants' first argument:  Plaintiff's Third Amended Complaint fails to comply with Federal Rule of Civil Procedure 10(b).  Rule 10(b) provides:

> **Paragraphs; Separate Statements**.  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  When a litigant—even a *pro se* litigant—fails to comply with Rule 10(b), the court may dismiss the complaint.  *See, e.g.*, *Ferrell v. Fudge*, No. CV 21-01412 (CKK), 2023 WL 2043148, at *7 (D.D.C. Feb. 16, 2023); *Lacy v. Tenn. Civ. Rule 15g Third Party*, No. CV 22-3537 (JMC), 2022 WL 17735643, at *2 (D.D.C. Dec. 16, 2022); *Estrada v. Fed. Rsrv. Bank An Fed. Rsrv. Chairman*, No. 21-CV-528 (TSC), 2021 WL 2935890, at *1 (D.D.C. July 13,

2021); *Nastri v. Kerner*, No. CV 20-1334 (CKK), 2020 WL 12979216, at *2 (D.D.C. Oct. 19, 2020). A failure to comply with Rule 10(b), moreover, it not a mere technical lapse or a trap for the unwary. To the contrary, Rule 10(b) ensures that a plaintiff breaks his or her complaint down into a series of discrete factual allegations, which the defendant must, in turn, admit or deny. When a plaintiff fails to comply with Rule 10(b), and instead combines his or her allegations in single, running narrative, the defendant is left at a loss with respect to how to answer. A general denial is permitted only when the defendant, in good faith, intends "to deny all the allegations of a pleading," Fed. R. Civ. P. 8(b)(3), a prospect that is seldom possible. And, in all other cases, the defendant must "either specifically deny designated allegations or generally deny all except those specifically admitted," *id.*, a prospect that is both daunting and riddled with potential pitfalls when the plaintiff fails to comply with Rule 10(b).

Plaintiff's Third Amended Complaint is a prime example of why compliance with Rule 10(b) is so important. The Complaint consists of a single, nineteen-page paragraph, in which Plaintiff's own words and allegations are interspersed with words that appear to have been copied without modification from his medical records. Dkt. 16. Plaintiff alleges, for example:

> The Plaintiff[] suffered adverse effects of other antipsychotics and neuroletpics, initial encounter: 1. divalproex sodium / Depakote ER 1500 mg 24 hour in a once-a-day extended-release formulation three 500 mg tablets at bedtime for mood. Allergic reaction, anaphylaxis, serious allergic reaction, including fever, swollen lymph nodes, rash, and itching/swelling (especially of the face/tongue/throat). Depakote tablets are administered orally. The recommended starting dose is 250 mg twice daily. Some patients may benefit from doses up to 1,000 mg/day. In the clinical trials, there was no evidence that higher doses led to greater efficacy. 2. Abilify / Aripiprazole long acting injectable 400 mg intramuscular @ 21:00 hours March 11, 2020. Dysphagia. Oesophageal dysmotility and aspiration have been associated with the use of antipsychotics, including aripiprazole.

*Id.* at 2. The Complaint goes on in a similar vein for the next seventeen pages. By any measure, it fails to comply with Rule 10(b).

The Court recognizes that a *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), particularly where, as here, the plaintiff's failure to comply disadvantages the opposing party.

For similar reasons, the Complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the grounds" upon which the Court's jurisdiction depends, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the plaintiff's claim, sufficient to prepare an answer or responsive motion, to conduct an adequate investigation of the facts, and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "When a complaint 'contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]' it does not fulfill the requirements of Rule 8." *Ferrell*, 2023 WL 2043148, at *7 (alterations in original) (quoting *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017)). A "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Id.* (quoting *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014).

Plaintiff's Complaint fails to comply with the minimal pleading standard set forth in Rule 8(a). The Complaint is a confusing, disorganized mishmash of Plaintiff's own words and his medical records. To take another example, Plaintiff alleges:

4

> Physical Exam HENT: Head: Comments: r tongue swelling. Cardiovascular: Rate and Rhythm: Normal rate and regular rhythm. Pulmonary: Effort: Pulmonary effort is normal. Breath sounds: Normal breath sounds. Abdominal: General: Bowel sounds are normal. Palpations: Abdomen is soft. Skin: General: Skin is warm. Capillary Refill: Capillary refill takes less than 2 seconds. Neurological: General: No focal deficit is present. Mental Status: He is alert.

Dkt. 16 at 3. To say that the Complaint is "untidy" and "confused" is an understatement. *Ferrell*, 2023 WL 2043148, at \*7 (internal citations omitted). Defendants cannot be expected to file a coherent answer to an incoherent complaint.

For these same reasons, the Court will deny Plaintiff's numerous motions for leave to amend, *see* Dkts. 23, 28, 31, and 37, on grounds of futility, *see James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Each of the proposed amended complaints suffers from the same flaws found in the Third Amended Complaint. Each lacks distinct, numbered paragraphs, and each intermingles Plaintiff's own words with lengthy, discursive medical records.

## CONCLUSION

For the reasons explained above, the Court will **GRANT** Defendant's Motion to Dismiss the Third Amended Complaint, Dkt. 20, and will **DENY** Plaintiff's motions for leave to amend, Dkts. 23, 28, 31, and 37, on grounds of futility. The Court will give Plaintiff one final opportunity. Plaintiff may file a motion for leave to amend his complaint on or before July 17, 2023. The proposed complaint must abide by the Federal Rule of Civil Procedure, including Rules 8, 10, and 12(b)(6). If Plaintiff fails to do so, the Court will terminate this case.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 26, 2023